UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Case No. 11-cr-366 (JDB/GMH) |
| **SAMUEL RANKIN,** | ) ) ) | |
| **Defendant.** | ) ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned by Judge John D. Bates for a hearing on Defendant's violations of the conditions of his supervised release and for preparation of a Report and Recommendation as to the probation petitions filed May 20, 2016 and October 14, 2016.

## BACKGROUND

In early 2012, Defendant pleaded guilty to one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and this Court sentenced him to thirty-two months' incarceration, with credit for time served. This Court also imposed a term of supervised release of 120 months following his imprisonment, and a $100 special assessment. Finally, it imposed several special conditions of probation limiting Defendant's contact with children and ordered Defendant to submit to random drug testing by the U.S. Probation Office.

Defendant's supervised release began in August 2013. A series of petitions were filed by the Probation Office in 2014 describing numerous violations of his release conditions, including: (1) methamphetamine use; (2) failure to comply with sex offender registration requirements; (3) staying overnight at unauthorized residences; (4) leaving the jurisdiction without permission; and (5) possessing or using an internet-capable device or computer. Two warrants from Portage

County, Ohio for Defendant's arrest on drug possession charges also date from this time. Those warrants remain outstanding today. In his probation proceedings in this jurisdiction, the Court revoked Defendant's supervised release on December 19, 2014 and sentenced him to seven months' incarceration, with his term of supervised release to resume thereafter. Defendant was released from incarceration in spring 2015.

Another probation petition followed almost immediately, after Defendant failed to report to the Probation Office following his release. Thereafter the Court, the parties and the Probation Office worked collaboratively to find conditions to enable Defendant to complete a course of drug rehabilitation. In fall 2015, the Court permitted him to live at his mother's home so that he could complete a thirty-day outpatient program. A probation petition filed in November 2015 recorded Defendant's admission of methamphetamine use that month. Defendant was allowed to continue living with his mother, in the hopes that he would be admitted to an inpatient drug program within sixty days. When a third petition was filed in January 2016 alleging another positive test for methamphetamine, violation of curfew conditions and lying to the Probation Office, the Court revoked Defendant's supervised release and sentenced him to sixty days' incarceration, with his period of supervised release to resume thereafter.

Defendant again left custody on April 1, 2016. Following an April 5 hearing before the undersigned, the Court modified Defendant's conditions of release to require him to complete thirty days of inpatient drug treatment at Avery Road Combined Care in Rockville, Maryland. Significant effort was invested by the Probation Office and the parties to secure this placement. Avery Road appeared to be one of a very few—perhaps the only—local facility that would accept Defendant for rehabilitation, given his health problems and the nature of his conviction. On May 3, 2016, a probation petition described Defendant's unwillingness to maintain contact with the

Probation Office. It further noted his insistence on pursuing outpatient treatment rather than the inpatient treatment the Court had ordered. Nevertheless, the Probation Office declined to formally submit violations of his release conditions, so as to permit Defendant to pursue drug treatment. During a May 4, 2016 status hearing, the undersigned reminded Defendant of the requirements of his supervised release.

Nevertheless, on May 20, 2016, the Probation Office filed a petition alleging that Defendant had failed to report for an office appointment on April 7, 2016, failed to contact his probation officer each day from May 17–20, 2016, and refused random drug testing on April 6, 2016, May 7, 2016, May 18, 2016 and May 20, 2016: nine violations in all. It is this probation petition that is the subject of this Report and Recommendation. A preliminary revocation hearing was set for June 1, 2016 before the undersigned.

On May 27, 2016, Defendant entered the Avery Road Residential Treatment Center for an inpatient program to last 3–5 months. Since the Center's rules do not allow a patient to leave the facility for the first several weeks of treatment, the hearing on Defendant's alleged violations was continued to September 2016. On September 7, 2016, the hearing was continued a second time when the Probation Office filed a petition noting Defendant's progress in his drug rehabilitation and noting that he was scheduled to complete three further months of inpatient treatment.

Unfortunately, Defendant's progress was short lived. On October 8, 2016, he was granted a pass to leave Avery Road to attend a Crystal Methamphetamines Anonymous meeting in the District of Columbia. He never returned to Avery Road. On October 14, 2016, the Probation Office filed another petition asserting that it had lost contact with Defendant. That petition alleged that Defendant had stated to his probation officer that he had been staying at a friend's house; the probation officer opined that Defendant had suffered a drug relapse. The petition alleged a tenth

3

violation, of failure to notify the probation officer ten days prior to any change in residence. A warrant was issued for Defendant's arrest and executed on November 2, 2016. At the time of that arrest, Defendant had completed a total of thirty months of supervised release, interrupted by his seven- and two-month periods of incarceration following his two revocations.

## HEARING ON VIOLATION

A preliminary hearing on the revocation of supervised release was held before the undersigned on November 28, 2016. At that time, the Probation Office indicated that Avery Road would not accept Defendant back into its program within six months of his absconding. Defendant's counsel requested a continuance to permit investigation into other placement options for further drug treatment. The hearing was continued to December 12, 2016. At that hearing, Defendant's counsel reported a lack of success in finding a placement, and asked that the hearing be continued further to April 2017, pending which Defendant would agree to being held without bond. In April 2017, Defendant would then be eligible to return to Avery Road. Defendant argued that his release in drug treatment at that time was warranted because of the progress he had been making in his treatment at that facility up to the time of his absconding from Avery Road. Thus, under Defendant's proposal, his supervised release would not be revoked, but he would remain in custody until he was eligible to return to Avery Road.

At the hearing, the Probation Office opined that supervised release had proven not to be a useful corrective mechanism for Defendant. Accordingly, it recommended revocation of Defendant's supervised release and an above-guidelines sentence of twenty-four to thirty-six months, followed by no period of supervised release. The government took a middle position. It requested that Defendant's supervised release be revoked and that he be sentenced at the upper end of the guidelines range—nine months—with some period of supervised release to follow.

At the conclusion of the hearing, the undersigned determined that Defendant should be held without bond pending the judgment of this Court on the undersigned's Report and Recommendation.

## SENTENCING GUIDELINES

Defendant's instant violations of supervised release are considered Grade C violations under the U.S. Sentencing Guidelines. U.S.S.G. § 7B1.1(a)(3). Upon a finding of a Grade C violation, the Court may: (1) revoke supervised release; or (2) extend the term of supervised release and/or modify the conditions of supervision. *Id.* § 7B1.3(a)(2). Based on his Criminal History category of I, the U.S. Sentencing Guidelines recommend a period of incarceration of 3 to 9 months should Defendant's supervision be revoked. *See* U.S.S.G. §§ 7B1.4(a), 4B1.1. The Guidelines are, of course, precatory.

The statutory maximum term of imprisonment upon revocation of supervised release for Defendant's underlying Class A felony is 60 months. 18 U.S.C. § 3583(e)(3). When supervised release is revoked and a term of imprisonment imposed, any term of supervised release following that imprisonment must be reduced by the term of imprisonment imposed following revocation. *Id.* § 3583(h). Here, however, the statutory maximum term of supervised release for Defendant's underlying sex offense is life. *Id.* § 3583(k). The maximum term of supervised release to follow a term of imprisonment imposed for revocation remains, therefore, life.

## RECOMMENDATION

Defendant has been afforded a number of opportunities at rehabilitation, and thus far he has squandered each one. Most recently, considerable effort was invested in locating the inpatient drug treatment program at Avery Road, which appears to be the only program that would accept Defendant given his health problems and the nature of his original sex offense. No party believes

that Defendant can obtain currently the drug treatment he needs except by being incarcerated and attending a program at the D.C. Jail.

Defendant asks that he be kept incarcerated until he can return to Avery Road, and that his supervised release not be revoked. The Probation Office recommends that he be sentenced above the guidelines range, with no supervised release to follow. The government asks that he be sentenced at the higher end of the guidelines range, with supervised release to follow.

The undersigned finds the government's recommendation to be the most reasonable. Defendant did not contest any of the ten violations of supervised release enumerated in the Probation Office petitions filed on May 20, 2016 and October 14, 2016. Accordingly, his supervised release should be revoked. Because of his previous revocations, Defendant should be sentenced at the higher end of the guidelines range. Given the nature of his sex offense conviction, the undersigned believes he should remain under supervision following his release from incarceration.

Accordingly, the undersigned recommends that the Court find Defendant to have violated the conditions of his supervised release, that his supervised release be revoked, and that he be sentenced to nine months' incarceration, with credit for time served since his November 2, 2016 arrest. Additionally, the undersigned recommends that the Court, following Defendant's incarceration, reinstate his supervised release with credit for time served upon revocation.

Given Defendant's progress at Avery Road prior to his most recent arrest, the undersigned further recommends that Defendant be ordered to seek an assessment from Avery Road for inpatient drug treatment near the end of his period of incarceration. If accepted, he should be transferred via a bed-to-bed transfer by the United States Probation Office to Avery Road, where he

shall complete a minimum of thirty days' inpatient treatment at Avery Road Combined Care.[1]  To assist in this process, the undersigned will set a status hearing near the end of Defendant's period of incarceration to prepare for his transfer.

Date:  December 28, 2016                              _____
                                                     G. MICHAEL HARVEY
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court previously ordered such a bed-to-bed transfer, from the D.C. Jail to the Montgomery County Residential Re-entry Center, when modifying Defendant's conditions of supervised release on June 15, 2015 [Dkt. 66], and to Avery Road Combined Care, when modifying his conditions of supervised release on April 4, 2016 [Dkt. 80].